May it please the court, my esteemed counsel for the government, my name is Roger Nuttall, I'm an attorney from Fresno and I'm happy to be here before the court. I'm well aware of the limitations in terms of time and these oral arguments and I hope to be rather succinct and direct in my argument, which is really meant to supplement the briefs that we have filed in this case. Notably, Mr. Rice did file, and I want to get to the point specifically, did file an additional citation to the panel James v. The United States, which is a recent case which ultimately states in these types of situations that the pivotal question before the court in assessing the enumerated offenses is whether the overt conduct is, quote, conduct that presents a serious potential risk of physical injury to another. And I won't repeat that. But in my thinking in these types of cases is that what we have in the typical felon in possession case in the Federal court under 18 U.S.C. section 922 is Are we talking about the battery on police officer offense? We're talking It's a long lead in to if that's what we're talking about. I think we're talking about the case of the in that regard, Your Honor, I intend to talk about the prior conviction as related to the 243C, the battery on the peace officer, as well as the 273.5, the hybrid offense, wobbler, as they call it, which relates to alleged spousal abuse. But what I meant to say, and I'll be brief here, is that because we have such enhanced penalties under the 924E section, it appears to me that at this stage or even at the district court stage, the court needs to look beyond the so-called categorical approach, i.e., the fact of conviction and the statutory definition of defense and look behind it. If we do that, why is not the battery on a police officer, even if we go beyond statutory offense, on the fact that we're before the trial court, i.e., the police report which was agreed they could look at, why isn't it pretty clear that that's  And I think that's a good question, Your Honor, and I think that's a good question. It has the potential for that. The problem is the potential to be a crime of violence? It has in the abstract a potential for a crime of violence. Isn't that enough? I don't think so, because doesn't the ACCA say something about potential? Am I wrong? No, it does. But I think we have to look at, in this particular case, at the case itself and the underlying and the underlying factual basis. Well, counsel, as I read, there was a stipulated police report, was there not, that in the state trial court? What it was that stated the facts, and according to that, as I understand it, there was a scuffle because your client was trying to escape arrest and it resulted in some broken fingers on one of the police officers. Is that correct? Yes. The factual basis for the entry of the plea in the state court was it was submitted to the court that the court could consider the police report as a, generally as a factual basis for the entry of the plea. What did not happen is that the defendant did not, with any particularity, stipulate to the facts within the police report which supported the entry of the plea. Well, what does that mean, then, if he stipulates, in effect, that the his counsel's Wait a moment. If it stipulated, in effect, that the court is to review the police report to see if there is a factual basis for the plea, then you distinguish that from stipulating to whether there are any facts there that form a factual basis for the plea? Well, the point of it is that in terms of the, here again, in terms of the question of whether it's conduct that presents a serious potential risk of physical injury to another, certainly the facts contained within the police report would include facts that would indicate a serious potential. But here again, our position is There was injury. There was some injury. But our position here is that in the plea colloquy, the court made no inquiry, nor was there any admission by the defendant as to any specific facts supporting the question of whether or not the conduct admitted presented a serious potential risk of physical injury to another. Well, the charge was that he willfully and with the use of force and violence inflicted an injury upon the police officer. And they said, look, if you want, court, read the report to see if he take the facts in the report to see if he did so. Actually, we've said that when you try to escape from an armed guard, that presents a serious risk. So this guy is trying to escape from the police officers. That almost per se presents a serious risk, doesn't it? Here again, my – our position, I understand that that presents that type of situation, but the plea colloquy lacked any facts establishing the requisite causality with respect to the case. Okay. I think we understand your position. Your time is going. Do you want to touch on the other issues? I'm sorry. Do you want to address either of the other issues? Yes. I would like to address the issue of the prior conviction with respect to the 273.5. Here again, the factual scenario. And again, I think in the modified categorical approach, given the fact that were there only two prior convictions, the sentencing structure would be gravely different than what it would be where there are three prior convictions, that under that modified categorical approach, the – Why did that be a modified categorical approach to the battery on the – to the infliction on the spouse? Well, in other words – Well, in other words, in other words, in other words, in other words, it's not required that he inflict a traumatic – traumatic corporal injury upon her. Right. And the – Traumatic injury is a wound or external or internal injury. So he injured her. So he hit her or something and injured her. That sure sounds like force of violence to me. Well, the facts of the case, and again, the – I'm talking about on its face, the crime. Can you commit the crime of willfully inflicting a corporal injury upon your spouse that results in a traumatic condition? Can you commit that without force or violence? I think you can. Okay. 273.5, again, is a hybrid offense, which can be punishable as a felony or misdemeanor, similar to any type of assault. In this particular case, looking behind the plea itself, the facts support a slapping of the victim on the right cheek. Here again, talking about the – what is required for a requisite prior conviction is the concept of serious potential risk of physical injury to another. And I think that's where the – where this falls short. Did the facts show that he just slapped her? Yes. Is that the position? Okay. Thank you. Thank you. Thank you. May it please the Court. My name is Deuce Rice. I'm the Assistant U.S. Attorney in the Eastern District of California. And my esteemed colleague, Mr. Nuttall, and good friend, the issue that I saw that was the problem with a misdemeanor battery being deemed not a crime of violence by Ortega-Mendez. And that's what I thought was the primary problem, probably, for the panel here. In Ortega-Mendez, the three-judge panel basically disagreed with United States v. Robinson, which had prior found that battery on a peace officer is plainly a crime of violence in finding that a misdemeanor battery is not a crime of violence categorically. The problem for the defendant here, Mr. Seha, is that the government in Ortega-Mendez did not pursue the modified categorical approach when it went to the underlying facts for the conviction. Also, there's a great – there's a huge difference between a misdemeanor battery and a battery – a felony battery on a peace officer that requires injury. In this case, the prior – the battery prior is battery on a peace officer, which resulted in injury to Officer Lee. The district court judge, Judge Wanger, he went through the – in the sentencing hearing, he referred to the change of plea transcript to the battery on a peace officer, and he said – he referred to the district court and he said, the state court said, you're stipulating to a factual basis, agreeing, if I read the police report, I would believe you committed this crime, is that correct? And the defendant, Mr. Seha, answered yes. And then he went through the facts and got to the same place where the court is with the – the injury to the hand of Officer Lee. Do the facts show that he caused that injury? I mean, he caused it in a remote sense. Well, he caused it by – you know, I don't think there's anywhere in that police report or in the facts, you know, from the police report read by Judge Wanger where it says that the defendant deliberately crushed his hand somehow. He engaged in a fight. In the way the facts went, if I can grab it. This is Judge Wanger. Okay. Here's what happened. And he's reading the police report now. And this is on page 23 of the supplemental excerpt to the record, number 9. I entered the bedroom. This is of the PSD. That should have been the suspect. I told Mr. Seha at least three times to comply with my orders to get on the ground. Seha challenged me and told me he wasn't getting on the ground, told me to send the dog. He went so far as to pull the hood of his jacket over his head, cinch it up, zip up the front of the jacket, and then pulling the sleeve down over his hands, took a fighting stance, facing me and my police service dog with his left arm forward parallel to the ground. It looked to me as though Seha was preparing to fight the dog. The police service dog approached Seha, who immediately became very passive and dropped the aggressive stance and posture. The police service dog did not apply and was directed to an area away from the suspect. I approached Seha and ordered him to the ground twice. He refused both times, saying he wasn't going to lay down. Is there a word? You can read the whole thing. It's very long. But is there a word in there, which I think was a specific question, if it were important to have such a word, is there a word in there that says he hit the police officer? No. No, there's not a place in there. Is there a word in there that he did anything to the police officer himself? Well. Specifically. Is there a word that says he did something to him as opposed to they did something to him? As I did this, Seha bolted toward the door. I grabbed Seha around the head and shoulder area. Officer Lee grabbed the upper torso. Officer Law grabbed around the legs. And all four of us went to the ground with the suspect landing partially on top of my legs. There they go. And it goes on. It's a struggle. If it's required, is there a word in that report, if it's required, that says he laid a hand on the police officers? I don't think so. My recollection of it, I could read it all now to be sure. I think we've all read it. I'm trying to save you having to read the whole thing when we're trying to get to the specifics. I don't think in the way that the police report was written that was used as a stipulated factual basis for his State court conviction for felony battery on a peace officer with injury, that the police report said in there that he slugged me. All it reflects, I think, is what basically happened was it was a fight. If required, if it were required, do you lose if we have to base it on that? Yes. You do? Well, if it's required that stipulate that the police report, see, basically you're going behind the conviction and collaterally attacking it now. Right? I'm not talking about collaterally attacking anything. I'm talking about it's not a collateral attack. It's a question if we're in the non-categorical part. So we have to look at the facts. Facts, correct. Do you lose? I don't think so. Not because of the fight. Because there was the battery. He is the one that initiated the confrontation and the struggle. And during the course of the struggle, the police officer gets injured. Okay. Can I just ask the question a little bit differently? Yeah. Maybe I'm not following. Well, he tried to avoid arrest and ran away. Is that correct? Well, not really. It started to run. He was kind of trapped in his bedroom there, and he took a fighting stance, and then they had to send in the police dog towards him, and then he initially stops, and then he decides not to stop resisting and starts the fight. In fact, as it goes on, even after they put him in the car, he tried to kick out the side window several times. During this time, say, I'll threaten to kick all three of our butts. I thought what you just read was that he tried to get away, and they tackled him. I did, but it's an ongoing situation where he's in the bedroom initially. It probably would have been simpler if I just read the whole thing. No, no. We've read it. We've all read it. It's an ongoing fight. They go in to arrest him. They send the dog. He initially starts to comply. Then he doesn't, and then he tries to run. Then they tackle him. Then they get up, and then they're still having trouble with him, even getting in the car. Even as they're trying to get in the car, he runs again, and there's another confrontation. And then even after he's in the car, he's still trying to kick out the windows of the patrol car. Yes. I mean, it's a fight. This demonstrates a battery on a police officer because? It demonstrates a battery on a police officer because he initiated the physical contact with the officers. By running? Yeah, by trying to run past them out of the bedroom. Right. He can't get through them any other way. So he refuses to submit to their lawful authority to place him under arrest, causing the physical confrontation that results in the officer being injured. And I think as a practical matter, that's what he did. And he pled guilty. He pled guilty. Whatever he did, said he, and these facts support it, is the use by me of force and violence to inflict an injury upon the police officer. Correct. That's what he pled guilty to. Went to prison for four years. And he said these facts will demonstrate that to you, court. Right? That apparently has satisfied the State court judge. Okay. I see the court's point. Would it be better if we had a better police report or it had more? I was just trying to, if I understand your position, when he refused to submit and got into a fight, he was engaging in conduct with a potential risk of physical injury to another. Right. And I think that's really all that you have to have is an underlying crime that creates a substantial risk of physical injury. And I think that battery on a peace officer, particularly as Judge Fernandez was pointing out, escaping from an armed guard would do it. It certainly, in and of itself, creates that substantial risk. It makes escape a crime of violence, right? Not necessarily. I think there's been cases from the circuit fairly recently on just generic escape. No. The case you're thinking of, I believe, is the one I read to you, which says that escape from an armed guard, an officer, is indeed a crime of violence. I'm sorry. I'm over your time. I'll stop. Oh, I'm sorry. I'll stop. Thank you. Thank you. The matter just argued is submitted for decision.
judges: Schroeder, Canby, Fernandez